IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SETH BATISTE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civ. A. No. 23-2451 |
| | § | |
| LONE STAR COLLEGE SYSTEM, | § | |
| | § | |
| *Defendant.* | § | |

**Joint Discovery and Case Management Plan**

Pursuant to the Court's Order dated July 6, 2023 (Doc. 2), Plaintiff Seth Batiste and Defendant Lone Star College System file this Joint Discovery and Case Management Plan. The parties submit the following:

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

    Counsel for Plaintiff and Defendant conducted the 26(f) conference via electronic correspondence between September 8, 2023 and September 19, 2023. Joel Joseph participated in behalf of Plaintiff. Stephen Quezada and Brooke Jones participated on behalf of Defendant.

2. **List any cases related to the present action that are pending in any state or federal court, with the style, case number, court, and a brief description of the case.**

    None.

3. **Briefly describe the pertinent facts and legal theories upon which the present action is based.**

    This is a single Plaintiff employment case. Plaintiff asserts claims against Defendant employer under the Americans with Disabilities Act for disability discrimination, failure to accommodate, and retaliation. Plaintiff incorporates

1

the facts as alleged in his Original Complaint (Doc. 1) for purposes of this Joint Discovery and Case Management Plan.

Defendant denies all of Plaintiff's material allegations and claimed damages. All of Defendant's employment actions were taken for legitimate, non-discriminatory reasons having nothing to do with Plaintiff's alleged disability or any alleged protected activity. Defendant denies that it violated the ADEA when it terminated Plaintiff's employment. Defendant further asserts that Plaintiff's failure to accommodate claim is barred by limitations and should be dismissed

4. **Specify the allegation of federal jurisdiction.**

   This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Because the resolution of this case rests upon a federal question, this Court has jurisdiction over this suit in accordance with 28 U.S.C. § 1331. Specifically, Plaintiff brings causes of action under the Americans with Disabilities Act, 42 U.S.C. §12101, et seq.

5. **Name the parties who disagree and the reasons.**

   Not applicable. The parties agree that this Court has jurisdiction.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

7. **List anticipated interventions.**

   None.

8. **Describe class-action issues.**

   None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The parties will exchange initial disclosures 14 days after the scheduling conference.

10. **Describe the proposed agreed discovery plan, including:**

**A. Responses to all the matters raised in Rule 26(f).**

Rule 26(f)(3)(A): The parties will exchange initial disclosures 14 days after the scheduling conference.

Rule 26(f)(3)(B): The parties agree that discovery will be necessary on all issues related to liability, defenses, and damages. Discovery does not need to be conducted in phases.

Rule 26(f)(3)(C): The parties agree that electronically stored information ("ESI"), if any, may be discovered and produced in accordance with the Federal Rules and to initially produce ESI in non-native form (e.g., .pdf format). If a party, after reviewing the information initially produced, believes that production of specific documents in a different format (e.g., native format) is appropriate, upon written request as to specifically-identified documents, the producing party will promptly supplement their production with the document in the requested format unless the party objects in writing that the document is not reasonably accessible in such format or producing the document in such format would be unduly burdensome or costly. The parties will attempt, in good faith, to resolve any disputes regarding production of ESI, but the parties reserve the right to seek the Court's intervention to determine which party shall bear the cost of producing data requested in a particular format.

Rule 26(f)(3)(D): The parties are not currently aware of any issues about claims of privilege or of protection as trial-preparation materials but agree that prior to seeking the Court's intervention in any dispute as might arise, they will attempt, in good faith, to resolve such disputes. The parties hereby agree that the production of privileged or work-product protected documents, ESI, or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case. The parties agree that this statement should be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

Rule 26(f)(3)(E): The parties do not believe any changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules for the Southern District of Texas, Corpus Christi Division.

Rule 26(f)(3)(F): At this time, the parties are unaware of any other orders that should be issued under Rules 26(c), 16(b), or 16(c). To the extent the parties' position on this issue may change as discovery proceeds, the parties will confer and, if appropriate, notify the Court.

The parties agree that discovery may be served via email.

**B. When and to whom the plaintiff anticipates he may send interrogatories.**

Plaintiff will send written discovery to Defendant via electronic mail within the discovery period.

**C. When and to whom the defendant anticipates it may send interrogatories.**

Defendant will send written discovery to Plaintiff via electronic mail within the discovery period.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates deposing fact witnesses designated by Plaintiff and/or Defendant, and any expert witnesses Plaintiff and/or Defendant may designate. Plaintiff may take depositions of other individuals having knowledge of facts relevant to the case if information about such witnesses becomes available to Plaintiff during the discovery period. Plaintiff anticipates taking these depositions after the parties have exchanged initial written discovery up until the close of discovery, as necessary.

**E. Of whom and by when the defendant anticipates taking oral depositions.**

Defendant will depose Plaintiff, Seth Batiste. Defendant anticipates taking this deposition after receiving Plaintiff's responses to written discovery. Defendant may take the depositions of other individuals having knowledge of facts relevant to the case if information about such witnesses becomes available to Defendant during the discovery period. Defendant may take the deposition of any of any experts identified by Plaintiff. Defendant may take the deposition of individuals identified in the parties' initial disclosures.

**F. When Plaintiff(s) (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff anticipates designating experts, within a reasonable time prior to the close of discovery. Plaintiff proposes 60 days prior to the close of discovery.

Defendant will designate responsive expert(s), if any, within thirty (30) days of any such designation by Plaintiff. Defendant will provide its expert report(s), if any, within thirty (30) days of any reports received from Plaintiff.

**G. List expert depositions Plaintiff(s) (or the party or parties with the burden of proof on an issue) anticipate(s) taking and their anticipated completion date.**

Neither party has made a determination on whether they will employ the use of an expert witness in this case. Plaintiff reserves the right to depose any expert identified by Defendant prior to the close of discovery.

**H. List expert depositions the opposing party or parties anticipate(s) taking and their anticipated completion date.**

Neither party has made a determination on whether they will employ the use of an expert witness in this case. Defendant reserves the right to depose any expert identified by Plaintiff prior to the close of discovery.

11. **If the parties are not agreed on a party of the discovery plan, describe the separate views and proposals of each party.**

    The parties have agreed on a plan, and the parties' proposed dates are set forth herein.

    The Parties propose the following deadlines:

    1. December 4, 2023 – Motion to Add New Parties.

    2. December 4, 2023 – Motion for Leave to Amend Pleadings. Any party seeking leave to amend pleadings after this date must show good cause.

    3. January 31, 2024 – Experts for the party with the burden of proof must designate expert witnesses in writing and provide required report under rule 26(a)(2)(B). Attorney's fee expert reports may be included in the Joint Pretrial Order.

4. February 29, 2024 – Identification of responsive experts and production of experts' reports in form as required by FRCP 26(a)(2)(B). Attorney's fee expert reports may be included in the Joint Pretrial Order.

5. April 5, 2024 – Completion of discovery.

6. April 12, 2024 – Mediation or other form of dispute resolution must be completed by this date.

7. May 7, 2024 – Dispositive Motions Deadline (except motions in limine).

8. August 5, 2024 – Joint Pretrial Order.

9. August 19, 2024 – Plaintiff responsible for filing pretrial order on this date. All motions in limine must be filed by this date.

10. August 30, 2024 – Docket call.

11. September 2, 2024 – Trial.

**12. Specify the discovery, beyond initial disclosures, that has been undertaken to date.**

None.

**13. State the date planned discovery can reasonably be completed.**

The parties will complete discovery in compliance with the Court's Scheduling Order, the parties anticipate that planned discovery can reasonably be completed by May 31, 2024.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

After the Parties exchange disclosures and conduct discovery, they will discuss the possibility of settlement or resolution. The parties anticipate engaging in periodic discussions regarding the possibility of negotiating a settlement between counsel.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties have agreed that mediation may be a suitable alternative dispute resolution method after sufficient discovery has taken place.

**16.** **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonable suitable, and state when such a technique may be effectively used in this case.**

Please see responses to points 14 and 15 above.

**17.** **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties respectfully do not consent to trial by a Magistrate Judge.

**18.** **State whether a jury demand has been made and if it was made on time.**

Plaintiff represented that he submitted a timely jury demand.

**19.** **Specify the number of hours it will take to present the evidence in this case.**

The parties believe this case will take 4-5 days to try.

**20.** **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**21.** **List other motions pending.**

None.

**22.** **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

The parties are not presently aware of any matters that require special attention at the Initial Pretrial Conference.

**23.** **List the names, bar numbers, addresses and telephone numbers of all counsel and pro se parties.**

| | |
|---|---|
| Joel T. Joseph<br>Texas SBN: 24106153<br>Federal I.D. No.: 3843114<br>jjoseph4law@gmail.com<br>P.O. Box 37<br>Fresno, Texas 77545<br>713-491-4257 (Phone)<br>832- 626-5022 (Fax)<br><br>**Attorney for Plaintiff** | Stephen J. Quezada (Attorney-in-Charge)<br>Texas SBN: 24076195<br>USDC SD/TX: 1348753<br><br>Brooke E. Jones (Of Counsel)<br>Texas SBN: 24107537<br>USDC SD/TX: 3342076<br><br>Ogletree, Deakins, Nash,<br>　Smoak & Stewart, P.C.<br>One Allen Center<br>500 Dallas St., Ste. 3000<br>Houston, Texas 77002<br>713-655-0855 (Phone)<br>713-655-0020 (Fax)<br>stephen.quezada@ogletreedeakins.com<br>brooke.jones@ogletreedeakins.com<br><br>**Attorneys for Defendant** |

*By each of our signatures below, Counsel represent that each understands that the Court will rely on these representations in entering its Scheduling Order.*

Respectfully submitted,

/s/ *Joel T. Joseph*　　　　　　　　　　/s/ *Stephen J. Quezada*　　　　
Joel T. Joseph　　　　　　　　　　　　Stephen J. Quezada (Attorney-in-Charge)
Texas SBN: 24106153　　　　　　　　Texas SBN: 24076195
Federal I.D. No.: 3843114　　　　　　USDC SD/TX: 1348753
jjoseph4law@gmail.com　　　　　　　Brooke E. Jones (Of Counsel)
P.O. Box 37　　　　　　　　　　　　　Texas SBN: 24107537
Fresno, Texas 77545　　　　　　　　USDC SD/TX: 3342076
713-491-4257 (Phone)　　　　　　　　One Allen Center
832- 626-5022 (Fax)　　　　　　　　　500 Dallas St., Ste. 3000
　　　　　　　　　　　　　　　　　　Houston, Texas 77002
**Attorney for Plaintiff**　　　　　　　713-655-0855 (Phone)
　　　　　　　　　　　　　　　　　　713-655-0020 (Fax)
　　　　　　　　　　　　　　　　　　stephen.quezada@ogletreedeakins.com
　　　　　　　　　　　　　　　　　　brooke.jones@ogletreedeakins.com

　　　　　　　　　　　　　　　　　　**Attorneys for Defendant**

## Certificate of Service

I hereby certify that on the 19th day of September 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the following counsel of record:

Joel T. Joseph
PO Box 37
Fresno, Texas 77545
Phone: 713-491-4257
Fax: 832-626-5022
Jjoseph4law@gmail.com

**Attorney-in-Charge for Plaintiff**

                                               */s/ Stephen J. Quezada*
                                               Stephen J. Quezada